■ JOHN SENISE, Appellant, v ROBERT A. MACKASEK et al., Respondents. [642 NYS2d 241] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 7, 1994, which granted defendants' motion to dismiss, pursuant to CPLR 3212, the first cause of action for legal malpractice, and, pursuant to CPLR 3211 (a) (7), the second cause of action for breach of contract, and order, same court and Justice, entered May 8, 1995, which, *inter alia*, denied plaintiff's motion to renew, unanimously affirmed, without costs.

We find that the IAS Court properly dismissed the first and second causes of action for attorney malpractice and for breach of contract emanating from legal malpractice arising from defendants' alleged failure to properly raise and fully argue on appeal the propriety of the trial court order obligating plaintiff to make restitution to the customers of American Motor Club, Inc. (AMC) during defendants' representation of plaintiff on appeal in a protracted civil litigation brought by the State of New York against, *inter alia*, AMC and plaintiff herein (*People v American Motor Club*, 133 AD2d 593).

The first cause of action for legal malpractice was properly dismissed since plaintiff failed to demonstrate, as a matter of law, that any negligent acts or omissions of defendants proximately caused damage to plaintiff (*Zarin v Reid & Priest*, 184 AD2d 385, 386-387), i.e., that "but for" the alleged malpractice of defendants he would have prevailed in the underlying action and would not have been subjected to an order of restitution (*supra*, at 386-387, citing, *inter alia, Carmel v Lunney*, 70 NY2d 169, 173). Indeed, the record establishes the damages sustained by plaintiff in that action were proximately caused by plaintiff's own conduct in violating or permitting violations of sections 1102 and 2117 of the Insurance Law which authorized the trial court to require restitution under section 63 (12) of the Executive Law, rather than due to any legal malpractice on the part of defendants as appellate counsel (*Prudential Ins. Co. v Dewey, Ballentine, Bushby, Palmer & Wood*, 80 NY2d 377).

The second cause of action for breach of contract was also properly dismissed since the cause of action, as pleaded, did not rest upon a promise of a particular or assured result (*Pacesetter Communications Corp. v Solin & Breindel*, 150 AD2d 232, 236, *lv dismissed* 74 NY2d 892), and only claimed a breach of general professional standards (*Calhoun v Gale*, 29 AD2d 766, *affd* 23 NY2d 756), which is viewed as "a redundant pleading of a malpractice claim" (*Winegrad v Jacobs*, 171 AD2d 525, *lv dismissed* 78 NY2d 952).

We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.