PPX ENTERPRISES, INC. and
Edward Chalpin, Petitioners–
Appellants,

v.

Barry I. FREDERICKS, Respondent–
Appellee.

No. 00–7909.

United States Court of Appeals,
Second Circuit.

March 2, 2001.

Rosenberg & Estis, P.C., New York, NY; Norman Flitt, David A. Strauss, of counsel, for appellants.

Tompkins, McGuire, Wachenfeld & Barry, LLP; Michael S. Miller, of counsel, for appellee.

Present WINTER, McLAUGHLIN, and POOLER, Circuit JJ.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of said District Court be and it hereby is AFFIRMED.

PPX Enterprises, Inc. and Edward Chalpin appeal from the judgment of the United States District Court for the Southern District of New York (Wood, *J.*) granting defendant's motion for summary judgment and dismissing the amended complaint. Plaintiffs argue on appeal that the district court erred in finding plaintiffs failed to show a breach of fiduciary duty and there were material fact questions precluding summary judgment. For the reasons given below, we affirm.

PPX and Chaplin's amended complaint sets forth seven causes of action against Fredericks, alleging a variety of legal malpractice and contract claims arising from a number of legal matters Fredericks handled for plaintiffs. The only claims at issue on appeal involve Fredericks's legal representation when Sandor Frankel and Richard Dienst, both attorneys, sued Chaplin and Skoler over unpaid legal fees. Fredericks was retained in the Frankel and Dienst matter by a written retainer agreement. Fredericks was to "act on behalf of Ron Skoler, Esq. regarding a fee dispute with Frankel and Dienst." Fredericks was retained by PPX because PPX agreed to indemnify Skoler, a former employee, against any claims by Frankel and Dienst for legal fees owed to them. PPX and Chaplin allege Fredericks's representation was a litigation tactic designed to give Fredericks complete control over not only Skoler's case, but Chaplin's as well. Chaplin was represented by his own attorney, Norman Flitt.

■ The Frankel and Dienst matter arose out of their legal representation of Chaplin and Skoler in the dissolution of a corporation, Rhythm Method. Chaplin and Skoler discharged Frankel and Dienst after eleven months, alleging the relationship had deteriorated to the point where Chaplin and Skoler no longer trusted Frankel and Dienst to represent them fairly. Frankel and Dienst subsequently brought suit in Supreme Court, New York County, seeking a hearing to determine the amount of their charging lien.[1] The issue was whether Frankel and Dienst were fired for cause. If so, then Chaplin and Skoler contended they owed nothing on the charging lien and should receive a refund of their initial retainer fees, with interest.

PPX and Chaplin contend Fredericks was the lead counsel in the charging lien proceeding, and controlled all trial strategy for both Chaplin and Skoler, even

---

1. A charging lien is the right of an attorney to have the costs and payment due for a lawsuit secured by the judgment won for the client.

though Chaplin had his own counsel. Fredericks argues he was hired to represent only Skoler. Chaplin alleges during trial, Fredericks threatened to withdraw because the trial went on longer than anticipated, and he was about to exceed the fee cap set in the retainer. According to Chaplin, Fredericks threatened to withdraw from all matters he was involved in for PPX and Chaplin unless Chaplin brought a check to court the next day. Chaplin further alleges Fredericks threatened to withdraw immediately from the trial unless Chaplin agreed not to testify at the trial. Chaplin alleges Fredericks' threats forced him to capitulate and not testify, even though both he and his attorney, as well as Skoler, wanted him to testify. Chaplin did not testify at the charging lien hearing, which he argues was the reason Justice Solomon found for Frankel and Dienst. He bases this on a portion of Solomon's ruling, where she relied on the missing witness charge in the New York Pattern Jury Instructions in drawing "the strongest inference" against Chaplin and Skoler for not calling Chaplin as a witness. She found Chaplin and Skoler had no grounds to fire Frankel and Dienst, and awarded $71,000 in additional fees, plus interest. Justice Solomon's ruling was upheld on appeal. Fredericks testified at his deposition that he did not think Chaplin should testify because he thought negative evidence would damage Chaplin's credibility, and that Chaplin would not do well on cross-examination. He also argues there were other considerations against Chaplin testifying, such as the cumulative nature of Chaplin's testimony. Chaplin's attorney, Flitt, told the court that Chaplin would not be testifying because his testimony would be cumulative.

In their suit, PPX and Chaplin argued that if Fredericks had permitted calling Chaplin as a witness, then the charging lien proceeding would have gone in their favor as Chaplin would have testified as to the causes for firing Frankel and Dienst. In deciding Fredericks' motion for summary judgment, Magistrate Douglas Eaton found that as a matter of law, Chaplin could not sue Fredericks for legal malpractice because Fredericks did not represent Chaplin in the Frankel and Dienst matter. Further, the Magistrate recommended granting summary judgment on the breach of contract claims brought under the retainer agreement because the trial exceeded the one day provided for in the retainer agreement.

In reviewing *de novo* those parts of the order that PPX and Chaplin timely objected to, Judge Kimba M. Wood adopted the Magistrate's Report and Recommendations, and made further findings of her own. The district court held PPX and Chaplin failed to raise any material issues of fact regarding the "but for" element of the legal malpractice claim. Absent that element, the district court held summary judgment was correctly entered for the defendant. Further, the district court held the breach of contract claim was correctly dismissed as duplicative of the malpractice claim, and because Fredericks did not promise a particular result in his retainer agreement.

On appeal, PPX and Chaplin argue Fredericks breached a fiduciary duty he owed to Chaplin when he agreed to represent Skoler in the Frankel and Dienst matter. Further, appellants argue material issues of fact prevented a grant of summary judgment on both the legal malpractice and breach of contract claims. Fredericks argues that as appellants did not pursue the breach of fiduciary duty claim below, it cannot be pressed on appeal. Further, he argues the record supports the district court's ordering summary judgment in his favor.

28

■ We address first the breach of fiduciary duty issue. There is no evidence appellants pursued this issue below, other than asserting the claim in their complaint. Before Magistrate Eaton, plaintiffs invoked only their malpractice and breach of contract claims in defending against Frederick's summary judgment motion. Chalpin failed to object to Magistrate Eaton's conclusion that the plaintiffs abandoned all claims other than breach of contract and legal malpractice. In this Circuit, failure to object to a magistrate's finding of fact or conclusion of law operates as a waiver of any further judicial review thereof. *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir.1995). An appellate court will ordinarily not consider arguments not pressed below. *See DiRienzo v. Philip Servs. Corp.*, 232 F.3d 49, 58 (2d Cir.2000). We may consider new arguments given good cause, such as to "remedy an obvious injustice or if the new issue is purely legal, not requiring additional factfinding, and capable of decision on the existing record." *Id.* Appellants fail to meet this burden. Nothing in the existing record illuminates whether Fredericks owed appellants a fiduciary duty. Further, there is no "obvious injustice" for us to settle by reaching this issue. Thus, as appellants failed to press the fiduciary duty issue below, we decline to reach it here.

■ We turn next to the issue of legal malpractice. The district court correctly found appellants failed to raise an issue of material fact with regards to whether Fredericks' actions were the proximate cause of appellants' damages. *See Senise v. Mackasek*, 227 A.D.2d 184, 642 N.Y.S.2d 241, 242 (1st Dept.1996). The elements of a legal malpractice claim are (1) attorney negligence, (2) the negligence was the proximate cause of the loss, and (3) actual damages. *See Mendoza v. Schlossman*, 87 A.D.2d 606, 448 N.Y.S.2d 45, 46 (1982). To prevail on a legal malpractice claim, appellants must prove that "any negligent acts or omissions" of the defendant proximately caused damage to appellants. *Id.; see also Campagnola v. Mulholland, Minion & Roe et al.*, 76 N.Y.2d 38, 42, 556 N.Y.S.2d 239, 555 N.E.2d 611 (1990). As proof on this claim, appellants offered the bare opinion of their expert, who stated "I will testify that in my opinion Plaintiff would have had a favorable outcome in the Frankel & Dienst case and ... but for the negligence of the Defendant." This is not enough to withstand a motion on summary judgment, as it offers only opinion without substantive facts.

■ As for the breach of contract claim, the district court properly held it duplicative of the malpractice claim and granted summary judgment. Under New York law, when the alleged breach of a retainer agreement is a "breach of general professional standards" and not a breach of a particular action or promised result, then the breach of contract claim is duplicative of the legal malpractice claim and viewed as a redundant pleading. *See Senise*, 642 N.Y.S.2d at 242. As the retainer agreement at issue contained no particular action or promised result, the breach of contract claim is merely duplicative of the legal malpractice claim and was properly dismissed.

We have considered appellants' remaining arguments and find them without merit.