■ SARASOTA, INC., as Successor and Assignee of F.D.I.C., Respondent, v KURZMAN & EISENBERG, LLP, et al., Appellants, et al., Defendants. [814 NYS2d 94]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 6, 2005, which, inter alia, denied defendants-appellants' motion to dismiss the causes of action for breach of contract and violation of Judiciary Law § 487, unanimously affirmed, without costs.

There is at least an issue of fact as to whether the contract claim was viable as a promise to achieve a particular result separate from the breach of general professional standards in defendants' field and thus not duplicative of the legal malpractice cause of action (*see Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538, 542-543 [2004]; *Senise v Mackasek*, 227 AD2d 184 [1996]). The Judiciary Law § 487 claim was not conclusory, as it was supported by the previously sustained allegations of fraud, and was based on conduct in a proceeding to which plaintiff was a party, rather than conduct taking place before or after the proceeding (*cf. Stanski v Ezersky*, 228 AD2d 311, 313 [1996], *lv denied* 89 NY2d 805 [1996]; *Bankers Trust Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 386 [1992]). Whether the alleged deceit meets the standard required by Judiciary Law § 487 subjecting defendants to treble damages (*see Schindler v Issler & Schrage*, 262 AD2d 226 [1999], *lv dismissed* 94 NY2d 791 [1999]) presented an issue of fact.

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Marlow, Williams and McGuire, JJ.