■ Boslow Family Limited Partnership et al., Appellants, v Kaplan & Kaplan, PLLC, et al., Respondents. [860 NYS2d 526]— Order, Supreme Court, New York County (Marcy Friedman, J.), entered November 1, 2007, which granted defendants' motion for summary judgment dismissing the complaint as time-barred and denied plaintiffs' cross motion for summary judgment dismissing defendants' second affirmative defense based on the statute of limitations, unanimously affirmed, with costs.

Since plaintiffs' claim, while cast in contract, is essentially that defendants failed to perform services in a professional, nonnegligent manner, it is governed by the three-year statute of limitations (*Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.]*, 3 NY3d 538 [2004]). Plaintiffs have not identified any particular provision of a written retainer agreement whereby defendants contracted to provide a particular result above and beyond what they might be expected to accomplish using due care (*id.* at 542-543; *see also Sarasota, Inc. v Kurzman & Eisenberg, LLP*, 28 AD3d 237 [2006]). Concur— Lippman, P.J., Tom, Andrias and Saxe, JJ. [*See* 2007 NY Slip Op 33554(U).]

■ Maria Teresa Bacani et al., Appellants, v Lisa Rosenberg, M.D., et al., Respondents. [861 NYS2d 24]—Order, Supreme Court, New York County (Stanley L. Sklar, J.), entered June 6, 2007, which granted defendants' motions to dismiss the third cause of action in the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 15, 2007, for similar relief, unanimously dismissed, without costs.

The court properly dismissed the wrongful death claim on behalf of a stillborn fetus in this medical malpractice action. It has long been the law in this State that there is no right of recovery under our wrongful death statute (EPTL 5-4.1) for a fetus stillborn as a result of injuries received while en ventre sa mere (*Endresz v Friedberg*, 24 NY2d 478, 485 [1969]). We find no basis for departing from this long-standing and well-settled interpretation of the statute (*see Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 157 [1987]). Concur— Lippman, P.J., Tom, Andrias and Saxe, JJ.