■ BOIES, SCHILLER & FLEXNER LLP, Appellant, v SHELBY MODELL, Respondent. [11 NYS3d 60]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 10, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its account stated claim and to dismiss defendant's counterclaim for breach of contract and her affirmative defenses, unanimously modified, on the law, to grant the motion for summary judgment on the account stated claim in the amount of $30,525, and to dismiss the breach of contract counterclaim, and otherwise affirmed, without costs.

Plaintiff established prima facie that it entered into a retainer agreement with defendant and sent her regular invoices pursuant thereto, and that, after plaintiff withdrew from representation, defendant paid more than $400,000 towards those bills, with a promise to pay the remainder in exchange for plaintiff's agreement to represent her a second time in the same or related matters (*Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51 [1st Dept 2004]; *Levisohn, Lerner, Berger & Langsam v Gottlieb*, 309 AD2d 668 [1st Dept 2003], *lv denied* 1 NY3d 509 [2004]). Accordingly, plaintiff is entitled to summary judgment on its account stated claim for the outstanding amount of $30,525 for bills dated July 31, 2012, August 20, 2012, and September 20, 2012, in connection with the first representation.

However, as plaintiff withdrew and then agreed to represent defendant again, defendant's partial payments in connection with the first representation cannot be construed as consent to the amounts due in connection with the second representation. Accordingly, plaintiff is not entitled to summary judgment to

the extent the account stated claim is based on work performed and invoiced for October 2012 through February 2013, i.e., during the second representation.

While the parties agree that defendant paid the October 2012 bill, purportedly for work performed in September 2012, the record does not conclusively establish the services billed for in that invoice, including whether the invoice related to the first or second representation. Coupled with defendant's objections to and refusal to pay any subsequent invoice, the payment of the October 2012 bill does not suffice to eliminate any triable issue of fact as to defendant's consent to the amounts due under later invoices.

Moreover, defendant averred that she called plaintiff within a day or two after receiving each invoice, spoke to the lawyer primarily handling her case and her assistant, and objected that she did not understand the charges, that they appeared to be unwarranted, and that she could not pay. This evidence of defendant's oral objections is sufficiently detailed to create a triable issue of fact as to her consent to the amounts due (compare Darby & Darby v VSI Intl., 95 NY2d 308, 315 [2000] ["self-serving, bald allegations of oral protests" insufficient to raise issue of fact]; Zanani v Schvimmer, 50 AD3d 445 [1st Dept 2008] [assertion of oral objection to bills insufficient because the defendant failed to state when objection was made or specific substance thereof]).

As plaintiff correctly notes, numerous emails cited in an affidavit by defendant's daughter (who exercised a power of attorney on defendant's behalf) and relied upon by the motion court, when read in context, fail to raise any specific, timely objections to any bills. However, defendant's oral objections are supported by at least two emails to plaintiff from defendant's daughter, advising plaintiff on December 31, 2012, that she intended to go over the "outlandish bills" with her accountant, and on January 25, 2013, that she would not pay any bills until they were reviewed by the accountant (see RPI Professional Alternatives, Inc. v Citigroup Global Mkts. Inc., 61 AD3d 618 [1st Dept 2009]; see also Herrick, Feinstein v Stamm, 297 AD2d 477, 479 [1st Dept 2002]).

The breach of contract counterclaim should be dismissed since defendant fails to identify any provision of the retainer agreement that promises to produce a particular result, rather than setting forth general professional standards (see Boslow Family Ltd. Partnership v Kaplan & Kaplan, PLLC, 52 AD3d 417 [1st Dept 2008], lv denied 11 NY3d 707 [2008]; Sarasota, Inc. v Kurzman & Eisenberg, LLP, 28 AD3d 237 [1st Dept 2006]).

The motion court correctly declined to dismiss the affirmative defenses at this point in the litigation since they are supported by more than bare legal conclusions (*see Robbins v Growney*, 229 AD2d 356, 358 [1st Dept 1996]). Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.