■ Peter Alphas, Appellant, v Scott Smith et al., Respondents. [47 NYS3d 301]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered January 8, 2016, which granted defendants' motion to dismiss the second amended complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to deny the motion as to the first cause of action insofar as it relates to

plaintiff's individual damages, and otherwise affirmed, without costs.

In opposition to defendants' motion, plaintiff's counsel submitted an affirmation citing *Good Old Days Tavern v Zwirn* (259 AD2d 300 [1st Dept 1999]) and averring that plaintiff was the president and sole shareholder of the Alphas Company of New York, Inc. (Alphas NY) and that running that corporation was the business from which plaintiff derived his livelihood. Thus, contrary to defendants' contention, plaintiff is not claiming for the first time on appeal to have derived his livelihood from Alphas NY. In light of the similarity between this case and *Good Old Days*, and in light of the procedural posture of this case (a CPLR 3211 motion to dismiss), plaintiff should be allowed to assert an individual malpractice claim, even though defendants represented only Alphas NY in the federal action in which they allegedly committed malpractice. However, plaintiff's damages are limited to those he suffered individually (e.g., the loss of $1.4 million in unsecured loans that he made to Alphas NY, the losses he incurred as a result of guaranteeing the company's debt, lost income, loss of his Perishable Agricultural Commodities Act license, a lower personal credit score, legal fees for his personal liabilities, and the cancellation of an agreement for 30% of his interest in Alphas NY), as opposed to damages suffered by Alphas NY (e.g., the $1.2 million judgment entered against it in the federal action, its bankruptcy, the liquidation of its cooperative shares in the Hunts Point Terminal Produce Cooperative Association, and the legal fees incurred by it) (*see generally Griffith v Medical Quadrangle*, 5 AD3d 151, 152 [1st Dept 2004]).

While the motion court did not discuss whether the second cause of action (breach of contract and fiduciary duties) was duplicative of the first (malpractice), defendants did make this argument below, as well as on appeal. Defendants are correct.

"Unless a plaintiff alleges that an attorney defendant breached a promise to achieve a specific result, a claim for breach of contract is insufficient and duplicative of the malpractice claim" (*Mamoon v Dot Net Inc.*, 135 AD3d 656, 658 [1st Dept 2016] [internal quotations marks and citations omitted]). As in *Mamoon*, "[p]laintiff does not allege that . . . defendants breached a promise to achieve a specific result" (*id.*).

Plaintiff argued below that the fiduciary duty claim was not "predicated on the same allegations" as the malpractice claim (*Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 290 AD2d 399, 400 [1st Dept 2002]) because the former alleged that defendants acted willfully and intentionally due to a

conflict of interest, whereas the latter merely alleged that they were negligent. However, we have found that a breach of fiduciary duty claim was "properly dismissed" as "redundant of the legal malpractice cause of action" (*Waggoner v Caruso*, 68 AD3d 1, 6 [1st Dept 2009], *affd* 14 NY3d 874 [2010]), even though the fiduciary duty claim was based on the defendants' conflict of interest (*id.*).

Plaintiff also contended below that the relief sought in the fiduciary duty claim was not "identical to that sought in the malpractice cause of action" (*Nevelson*, 290 AD2d at 400). However, we have dismissed a fiduciary duty claim as duplicative of a malpractice claim where it "allege[d] *similar* damages" (*InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [1st Dept 2003] [emphasis added]). Except for damages for emotional and mental distress—which cannot be recovered on a legal malpractice claim (*see Wolkstein v Morgenstern*, 275 AD2d 635, 637 [1st Dept 2000]; *see also Dombrowski v Bulson*, 19 NY3d 347, 349, 351-352 [2012])—and punitive damages—which are "awarded only in exceptional cases" (*Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]; *see also Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 AD3d 1, 13 [1st Dept 2008])—the damages sought in the first and second causes of action are the same. Concur—Friedman, J.P., Mazzarelli, Andrias, Feinman and Gesmer, JJ.