Carl E. Person, Plaintiff-Appellant, 
against
Andre Sulton, Defendant-Appellant.



Plaintiff, as limited by his brief, appeals from (1) an order of the Civil Court of the City of New York, New York County (Lisa A. Sokoloff, J.), entered August 11, 2016, which granted defendant's motion to vacate his default in appearing at a pretrial conference, and (2) an order of the same court (Debra Rose Samuels, J.), entered January 3, 2017, which denied plaintiff's motion for summary judgment on the complaint and to dismiss the counterclaims pursuant to CPLR 3211(a)(7).




Per Curiam.
Orders (Lisa A. Sokoloff, J.), entered August 11, 2016, and (Debra Rose Samuels, J.), entered January 3, 2017, affirmed, without costs.
We find no abuse of discretion in the grant of defendant's prompt motion for vacatur relief, defendant having demonstrated both a reasonable excuse for failing to appear at the pretrial conference and a meritorious defense to this action to recover unpaid legal fees (see Travis v Allstate Ins. Co., 12 Misc 3d 135[A], 2006 NY Slip Op 51230[U] [App Term, 1st Dept 2006]; see also Donnelly v Treeline Cos., 66 AD3d 563 [2009]).
Plaintiff's motion to dismiss the counterclaims pursuant to CPLR 3211(a)(7) was properly denied. Construing the answer liberally and drawing all reasonable inferences in favor of defendant (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), defendant stated cognizable counterclaims to recover for alleged overbilling and padding of costs by plaintiff (see O'Connor v Blodnick, Abramowitz & Blodnick, 295 AD2d 586, 587 [2002]). Contrary to plaintiff's contention, the counterclaims are based in contract, and not in fraud (see Graphic Offset Co. v Torre, 78 AD2d 788 [1980]). Thus, CPLR 3016(b)'s heightened pleading requirements are inapplicable.
Plaintiff's motion for summary judgment on his causes of action for account stated and quantum meruit was also properly denied. Defendant's submissions, including his August 2015 email to plaintiff, raised triable issues of fact as to his consent to the amounts due (see Boies, Schiller & Flexner LLP v Modell, 129 AD3d 533, 534 [2015]), whether plaintiff overbilled defendant and acted unprofessionally (see Bryan L. Salamone, P.C. v Cohen, 129 AD3d 877, 879 [*2][2015]), and whether plaintiff was discharged for cause (see Notrica v North Hills Holding Co., LLC, 105 AD3d 826, 826-827 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2018