Heth v Satterlee Stephens Burke & Burke LLP (2018 NY Slip Op 02307)





Heth v Satterlee Stephens Burke & Burke LLP


2018 NY Slip Op 02307


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6184 650379/15

[*1]Paul Heth, Plaintiff-Respondent,
v
Satterlee Stephens Burke & Burke LLP, et al., Defendants-Appellants, Chase Mellen III, Defendant.


Furman Kornfeld & Brennan, LLP, New York (A. Michael Furman of counsel), for appellants.
Kozberg & Bodell LLP, Los Angeles, CA (Joel Kozberg of the bar of the State of California, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about November 10, 2015, which denied defendants Satterlee Stephens Burke & Burke LLP and Edwin Markham's motion to dismiss the complaint as against them, unanimously modified, on the law, to grant the motion as to the cause of action for breach of fiduciary duty, and otherwise affirmed, without costs.
Plaintiff alleges that defendants, representing him pursuant to an engagement letter while simultaneously representing others with conflicting interests, in drafting a December 2009 agreement, negligently failed to include a provision whereby the obligations he owed to another party to the contract under a prior agreement would be superseded or released according to the alleged oral understanding between him and the other party, and that defendants negligently failed to advise him that the other party's oral promises were unenforceable due to a written modification requirement in the prior agreement. These allegations state a cause of action for legal malpractice (see Brooks v Lewin, 21 AD3d 731, 734 [1st Dept 2005], lv denied 6 NY3d 713 [2006]). The documentary evidence submitted by defendants does not utterly refute plaintiff's factual allegations (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]).
The breach of fiduciary duty cause of action should be dismissed as duplicative of the legal malpractice cause of action (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc., 10 AD3d 267, 271 [1st Dept 2004]; Alphas v Smith, 147 AD3d 557, 558-559 [1st Dept 2017]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK