Kumiko Kitaoka, Plaintiff-Appellant, 
against
Ian F. Wallace, Ian Wallace PLLC, Defendants-Respondents.



Plaintiff, as limited by her brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Lisa A. Sokoloff, J.), entered November 2, 2016, as granted defendants' motion to dismiss the first, second and third causes of action.




Per Curiam.
Order (Lisa A. Sokoloff, J.), entered November 2, 2016, insofar as appealed from, affirmed, without costs. 
Accepting the facts alleged in the complaint as true and affording plaintiff the benefit of every favorable inference, as we must in the context of a motion to dismiss on the pleadings (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we agree that plaintiff failed to state causes of action for breach of contract, breach of fiduciary duty, fraud and unjust enrichment against defendants, her former counsel.
A breach of contract claim against an attorney based on a retainer agreement may be sustained only where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so (see Senise v Mackasek, 227 AD2d 184, 185 [1996]; Pacesetter Communications Corp. v Solin & Breindel, 150 AD2d 232, 236 [1989], appeal dismissed 74 NY2d 892 [1989]; see also Boies, Schiller & Flexner LLP v Modell, 129 AD3d 533, 534 [2015]). Here, the parties' retainer agreement expressly disavows any promise to obtain a specific result, stating that counsel "has made no guarantees I will be successful in this matter." 
Plaintiff's unjust enrichment cause of action was precluded by the existence of the retainer agreements (see Gleyzerman v Law Offs. of Arthur Gershfeld & Assoc., PLLC, 154 AD3d 512, 513 [2017]). The breach of fiduciary duty cause of action was properly dismissed as redundant of plaintiff's negligence-malpractice cause of action (see Alphas v Smith, 147 AD3d 557, 559 [2017]).
The fraud and deceit cause of action was properly dismissed, since plaintiff failed to allege any of the required elements of fraud, viz., "representation of a material existing fact, falsity, scienter, deception and injury" (Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 257 [1989]). Counsel's "representation of opinion or a prediction of something which is [*2]hoped or expected to occur in the future" was not sufficient (Thomas v McLaughlin, 276 AD2d 440 [2000], quoting Zanani v Savad, 217 AD2d 696, 697 [1995]; see Coccia v Liotti, 70 AD3d 747, 756 [2010], lv dismissed 15 NY3d 767 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 24, 2018