Alphas v Smith (2021 NY Slip Op 00225)





Alphas v Smith


2021 NY Slip Op 00225


Decided on January 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

Before: Gische, J.P., Oing, Moulton, Kennedy, JJ. 


Index No. 155790/15 Appeal No. 12920 Case No. 2020-02537 

[*1]Peter Alphas, Plaintiff-Respondent, The Alphas Company of New York, Plaintiff,
v
Scott Smith et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith LLP, New York (Sarah A. Adam of counsel), for appellants.
Spinak Law Office, White Plains (Robert Spinak of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered November 20, 2019, which, to the extent appealed from, denied, in part, defendants' motion to dismiss to the extent of declining to dismiss the fourth amended complaint insofar as it was maintained by plaintiff Peter Alphas, unanimously affirmed, without costs.
The motion court properly determined that the documentary evidence did not utterly refute plaintiff Peter Alphas's contention that "special circumstances" warranted his assertion of the malpractice claim despite his lack of privity with defendants as set forth in Good Old Days Tavern v Zwirn (259 AD2d 300 [1st Dept 1999]). To be sure, as this Court determined in our 2017 order, Peter Alphas adequately pleaded that he was the sole shareholder of plaintiff Alphas Company of NY, Inc. (Alphas NY), and derived his livelihood from Alphas NY, with whom defendants had privity (147 AD3d 557, 558 [1st Dept 2017]). Although defendants point to Alphas NY's 2012 tax return to show that Peter Alphas was not the sole shareholder of Alphas NY but in fact a 50% shareholder with his brother at the time Alphas NY engaged defendants, plaintiffs submitted an assignment of the brother's interest effective October 23, 2012 to refute that assertion. Because the fourth amended complaint asserts that the alleged malpractice occurred in 2013, we again find that at this stage, Peter Alphas is not foreclosed from establishing that special circumstances existed at the time the malpractice occurred.
As to the assignment of Alphas NY's claims to Peter Alphas, although defendants assert that this Court's earlier order limited plaintiff's damages to "those he suffered individually" (id.), nothing in that ruling precludes plaintiffs from asserting that Alphas NY's claims were assigned to Peter Alphas by the bankruptcy trustee, which occurred after the motion court's 2016 order was issued and was not before this Court on the earlier appeal (id.). Accordingly, the motion court properly denied defendants' pre-answer motion to dismiss Peter Alphas from the action.
With respect to the claims arising out of the 2012 withdrawal letter, on a pre-answer motion to dismiss, defendants' engagement letter does not establish as a matter of law that the withdrawal letter was outside the scope of defendants' representation, particularly given the evidence submitted by plaintiffs that defendants were aware of the letter and made arguments arising out of its contents in the underlying action
(Macquarie Capital [USA] Inc. v Morrison & Foerster LLP, 157 AD3d 456, 457 [1st Dept 2018] [malpractice defendant "may not shift to the client the legal responsibility it was specifically hired to undertake"]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 14, 2021