**Olshan Frome Wolosky LLP v Kestenbaum**

2025 NY Slip Op 31695(U)

May 9, 2025

Supreme Court, New York County

Docket Number: Index No. 656174/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

-------------------------------------------------------------------------X

OLSHAN FROME WOLOSKY LLP,

Plaintiff,

- v -

LOUIS KESTENBAUM, JOEL KESTENBAUM, FORTIS
PROPERTY GROUP, LLC,FPG MAIDEN LANE, LLC,FPG
MAIDEN HOLDINGS, LLC

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 656174/2023 |
| MOTION DATE | 01/28/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43

were read on this motion to/for _____ DISMISS _____.

This action arises out of alleged unpaid legal fees. Defendants previously moved to dismiss the complaint; the application was granted in part. Defendants then submitted an answer with counterclaims. Plaintiff ("Olshan") now moves to dismiss defendants' counterclaims, and defendants oppose the instant motion. Upon the foregoing documents and after oral argument, plaintiff's motion to dismiss the counterclaims is granted.

## Background[1]

Olshan is a New York limited liability partnership engaged in the practice of law. Defendant Fortis owns and/or controls defendants FPG Maiden Holdings and FPG Maiden Lane[2]. Defendant Joel Kestenbaum is the president of FPG Maiden Lane, as well as the president and a member of Fortis.

---

[1] As recited in this Court's Decision and Order dated August 21, 2024, with minor amendments.
[2] Defendant FPG Maiden Holdings is the parent entity of defendant FPG Maiden Lane.

**656174/2023 Motion No. 002**

**Page 1 of 7**

Olshan's complaint alleges that the fees owed arise from their representation of Defendants in three pending commercial actions in New York County Supreme Court: (1) *Valley National Bank, as successor by merger to Bank Leumi USA v. FPG Maiden Lane, LLC et al.*, Index No. 657252/2020 (the "Foreclosure Action"), in which Olshan appeared on behalf of and represented Fortis, FPG Maiden Lane, Joel Kestenbaum and other related entities; (2) *FPG Maiden Lane, LLC et al. v. Bank Leumi USA et al.*, Index No. 653584/2020 (the "Lender Liability Action"), in which Olshan appeared on behalf of and represented Fortis, FPG Maiden Lane and Joel Kestenbaum; and (3) *MREF REIT Lender 2 LLC v. FPG Maiden Holdings et al.*, Index No. 653189/2022 (the "Mezz Lender Action"), in which Olshan appeared on behalf of and represented Fortis, FPG Maiden Holdings, FPG Maiden Lane and Joel Kestenbaum, (collectively, the "Actions").

Defendants' retention of Olshan was memorialized in July 2022 through Olshan's Engagement Letter and accompanying Terms of Engagement (collectively, the "Engagement Agreement"). The Engagement Agreement was signed by Fortis' General Counsel, Michael Regan, on behalf of FPG Maiden Lane, formally commencing Olshan's representation of the Defendants. Olshan continuously provided legal services to Defendants until November 2023.

Throughout that time, Olshan alleges that Defendants defaulted on payments multiple times under the payment procedure clause of the Engagement Agreement, but that Olshan had continued representing Defendants because they had promised to pay. The most notable of these promises asserted in the complaint occurred on July 12, 2023, when Regan, acting as Fortis' General Counsel, informed Olshan that "Louis [Kestenbaum] has approved payment of $425k to fully resolve the open invoices from November through April," and further set out new guidelines regarding how Defendants' would handle payments from thereon out.

[* 2]

Olshan accepted these new terms, thus forming a supplementary agreement between the parties ("Revised Fee Agreement"). When Defendants allegedly did not comply with the new terms, and Olshan indicated its inability to continue representing Defendants without full payment for the services previously rendered. The parties formally severed their relationship by stipulating to a substitution of counsel, which was filed in the Mezz Lender Action on November 8, 2023.

<u>Standard of Review</u>

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id*.

Notwithstanding the broad pleading standard, a plaintiff's bald legal conclusions, unsupported by factual specificity, will not withstand a motion to dismiss. S*ee Godfrey v Spano*, 13 NY3d 358, 373[2009]. "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

CPLR § 3211(a)(1) allows for dismissal of a complaint if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v Martinez,* 84 NY2d 83, 88 [1994]. "[S]uch motion may be appropriately granted only where the documentary evidence *utterly refutes* plaintiff's factual allegations." *Goshen v Mut. Life Ins. Co.*, 98 NY2d 314, 326 [2002] (emphasis added).

A paper will qualify as "documentary evidence" only if it satisfies the following criteria: (1) it is "unambiguous"; (2) it is of "undisputed authenticity"; and (3) its contents are "essentially undeniable". *VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]. "[T]he documentary evidence, i.e., the *affidavits* and *emails* of North Shore and Inter-Reco personnel, do not qualify as 'documentary evidence" for purposes of CPLR 3211 (a) (1)." *United States Fire Ins. Co. v. North Shore Risk Mgt.*, 114 AD3d 408, 409 [1st Dept 2014].

Discussion

Defendants assert four counterclaims against plaintiff: breach of contract, breach of fiduciary duty, legal malpractice and unjust enrichment. The Court will discuss each counterclaim in turn.

*Breach of Contract*

To state a claim for breach of contract, a party must allege: (1) the parties entered into a valid agreement, (2) plaintiff performed, (3) defendant failed to perform, and (4) damages. *VisionChina Media Inc. v Shareholder Representative Servs., LLC*, 109 AD3d 49, 58 [1st Dept 2013].

In support of its breach of contract counterclaim, defendants assert that plaintiffs terminated their representation "prematurely" and unilaterally and did not allow defendants

sufficient time to obtain substitute counsel, which resulted in unspecified damages and prejudice to defendants. Notably, the counterclaim does not allege that defendants have performed pursuant to the contract.

Plaintiff submits the termination email as well as the stipulation of substitution of counsel, as documentary evidence to defeat this claim. Further, plaintiffs cite to the letter submitted by Joel Kestenbaum, in the Mezz Lender Action, to establish that defendants should be estopped from claiming that plaintiff, rather than themselves, and former counsel caused delay in the underlying matters.

Here, the defendants do not contest the use of the email, that undoubtedly terminates plaintiff, as documentary evidence, pursuant to CPLR § 3211 (a)(1), nor do they dispute the emails authenticity. Rather defendants attempt to use the email to support their counterclaims. The Court will not rely on the email as documentary evidence, rather the substitution of counsel stipulation, sufficiently defeat the allegations in defendants' counterclaims. The stipulations conclusively establish, that contrary to the allegations in the counterclaims, defendants were not abruptly left without counsel or prejudiced because they lacked a sufficient time to find replacement counsel. To the contrary, the stipulations establish that defendants were not left without counsel and had no need to find replacement counsel. Accordingly, the breach of contract counterclaim is dismissed.

*Breach of Fiduciary Duty*

In order to adequately plead a cause of action for breach of fiduciary duty, in this matter defendants must allege the existence of a fiduciary relationship, misconduct by the plaintiffs and damages caused by the misconduct. *See Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014].

Pursuant to CPLR § 3016(b), where a cause of action alleges breach of trust, "the circumstances constituting the wrong shall be stated in detail".

Based on the allegations made in the second counterclaim, the Court finds that the counterclaim is devoid of the requisite facts and allegations to establish a breach of fiduciary duty cause of action. Specifically, the complaint is devoid of factual allegations depicting defendants' misconduct. Moreover, as stated above, defendants' main allegations of improper withdrawal and prejudice therefrom are defeated by the stipulation. Additionally, breach of fiduciary duty claims are subject to dismissal as they are redundant to defendants' legal malpractice cause of action, (*see Alphas v Smith*, 147 AD3d 557, 559 [1st Dept 2017]). Accordingly, defendants' second counterclaim is dismissed.

*Legal Malpractice*

"In order to state a cause of action for legal malpractice, the complaint must set forth three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages" (*Mamoon v Dot Net Inc.*, 135 AD3d 656, 658 [1st Dept 2016] internal citations omitted).

The counterclaim fails to allege any specific factual negligent conduct by plaintiff. Further, the counterclaim is silent as to what, if any, loss was sustained, and further fails to allege any actual damages. Accordingly, the counterclaim alleging legal malpractice fails to state a viable cause of action.

*Unjust Enrichment*

Unjust enrichment is a quasi-contract cause of action, that creates an obligation absent an agreement, however when a contract controls the subject matter, a quasi-contract claim cannot be maintained (*see Goldman v Metropolitan Life Ins. Co.,* 5 NY3d 561, 572 [2005], quoting *Clark-*

*Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 388 [1987] [the "'existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter'"]).

It is undisputed that the dispute between the parties is governed by the engagement agreement and its subsequent amendment, thus defendants' quasi contract claim of unjust enrichment fails as a matter of law (*see ECD NY Inc. v 616 First Ave. Dev. LLC*, 187 AD3d 600, 600-601 [1st Dept 2020]). Accordingly, it is hereby

ORDERED that plaintiff's motion is granted and defendants' counterclaims are dismissed.

20250509091315LFRANK47A7A81197194E72B1604ADC0A7D3139

| | |
|---|---|
| **5/9/2025** | |
| **DATE** | **LYLE E. FRANK, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 7]