■ STROUD PRODUCTIONS AND ENTERPRISES, INC., et al., Appellants, v BMG MUSIC, Defendant, and STEVEN AMES BROWN, Respondent. [999 NYS2d 60]—Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered October 13, 2011, which, to the extent appealed from, granted defendant Steven Ames Brown's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

Plaintiffs' claims for conversion and tortious interference with contract against Brown relating to unpaid producer royalties allegedly due to plaintiffs since 1992 were properly dismissed as time-barred. Plaintiffs may not argue that Brown should be equitably estopped from raising the statute of limitations defense since the issue was not raised before the motion court (see Recovery Consultants v Shih-Hsieh, 141 AD2d 272, 276 [1988]). In any event, the argument fails because plaintiffs rely on the same acts that form the basis of their underlying claims. It is "fundamental to the application of equitable estoppel for plaintiffs to establish that subsequent and specific actions by defendants somehow kept them from timely bringing suit" (see Zumpano v Quinn, 6 NY3d 666, 674 [2006]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Manzanet-Daniels, Feinman and Gische, JJ.