▬ NAZNEEN MAMOON, Also Known as NAZNEEN AHMED, Respondent, v DOT NET INC. et al., Defendants, and MOSS & MOSS LLP et al., Appellants. [25 NYS3d 85]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 17, 2014, which denied the motion of defend-

---

* If that is the case, nothing in the record indicates that it was brought to the motion court's attention.

ants Moss & Moss LLP and John O. C. Moss, Esq. (the Moss defendants) to dismiss the claims against them pursuant to CPLR 3211 (a) (1) and (7), unanimously modified, on the law, to grant the motion as to the claims for fraud, breach of contract, conspiracy, conversion, unjust enrichment, and breach of fiduciary duty, and otherwise affirmed, without costs.

The Moss defendants' contention that the complaint was merely verified by plaintiff's attorney is a red herring, as the complaint was not required to be verified at all (*see* Weinstein-Korn-Miller, NY Civ Prac ¶ 3020.09 [2d ed 2015]; *see also* Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3020:3, C3020:5).

Although we do not condone the conduct of plaintiff's attorney, plaintiff should not be punished for her lawyer's faults to the extent of having her opposition to the Moss defendants' motion stricken as untimely.

"In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). The affidavit that plaintiff submitted in opposition to the Moss defendants' motion to dismiss stated, in nonconclusory terms, that defendant John O. C. Moss, Esq. (Mr. Moss) told her that he and his firm (defendant Moss & Moss LLP) represented her in the sale of her shares of defendant Dot Net Inc. to defendant Kamal Uddin Mridha.

Mr. Moss submitted an affirmation, denying that the Moss defendants ever said they would act as plaintiff's attorney. However, an affidavit—let alone an affirmation*—is not documentary evidence (*see e.g. Flowers v 73rd Townhouse LLC*, 99 AD3d 431 [1st Dept 2012]).

The fact that the Moss defendants represented Mridha does not preclude the possibility that they also represented plaintiff (*see Talansky v Schulman*, 2 AD3d 355, 359 [1st Dept 2003]; *see also Leon*, 84 NY2d at 86-87, 90).

The October 2011 letter that plaintiff sent the Moss defendants did not utterly refute her "factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). First, the fact that there was a meeting in April 2011 does not preclude the possibility that there was another meeting in May 2011. Second, plaintiff may simply have misremembered the date; she said in her affidavit, "*on or about* May 1, 2011" (emphasis

---

* Since Mr. Moss is a defendant, he should have submitted an affidavit, not an affirmation (*see* CPLR 2106 [a]).

added). Her confusion is understandable because she executed documents on April 11, 2011 which became effective on May 1, 2011. Moreover, she stated that her understanding of English is limited.

"In order to state a cause of action for legal malpractice, the complaint must set forth three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages" (*Leder v Spiegel*, 31 AD3d 266, 267 [1st Dept 2006], *affd* 9 NY3d 836 [2007], *cert denied* 552 US 1257 [2008]). If one considers the allegations in the claims for breach of fiduciary duty and negligence (as opposed to just the conclusory allegations in the malpractice claim), the complaint satisfies the requirements of *Leder*. Contrary to the Moss defendants' claim, the documentary evidence does not show that plaintiff was paid in full for her Dot Net shares and therefore sustained no damages.

Unless a plaintiff alleges that an attorney defendant "breached a promise to achieve a specific result" (*Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 39 [1st Dept 1998]), a claim for breach of contract is "insufficient" (*id.*) and duplicative of the malpractice claim (*id.* at 38-39). Plaintiff does not allege that the Moss defendants breached a promise to achieve a specific result. Hence, her contract claim should have been dismissed as against those defendants.

Plaintiff's claims for breach of fiduciary duty and fraud are also duplicative of her malpractice claim (*see e.g. Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [1st Dept 2004]; *Sage Realty*, 251 AD2d at 39).

"[C]ivil conspiracy is not recognized as an independent tort in this State" (*Shared Communications Servs. of ESR, Inc. v Goldman Sachs & Co.*, 23 AD3d 162, 163 [1st Dept 2005]). Therefore, that claim should have been dismissed.

It is true that "in considering a motion to dismiss brought pursuant to CPLR 3211 (a) (7), the court must presume the facts pleaded to be true and must accord them every favorable inference" (*Leder*, 31 AD3d at 267). However, "factual allegations . . . that consist of bare legal conclusions, or that are inherently incredible . . . , are not entitled to such consideration" (*id.*). Plaintiff makes only conclusory, incredible allegations that the Moss defendants converted her money and were unjustly enriched. Rather, the factual allegations of the complaint and the documentary evidence show that *Mridha* owed plaintiff $75,000 for her Dot Net shares and was unjustly enriched because he did not pay her for them.

We have considered the Moss defendants' remaining argu-

ments and find them unavailing. Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.