Biaggi v O'Flynn (2023 NY Slip Op 02584)

Biaggi v O'Flynn

2023 NY Slip Op 02584

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 153928/22 Appeal No. 234 Case No. 2023-00574 

[*1]Mario Biaggi Jr., Plaintiff-Appellant,
v
Barbara O'Flynn, Defendant-Respondent.

Mario Biaggi, Jr., New York, appellant pro se.
Greenfield Stein & Senior, LLP, New York (Brooke Morris of counsel), for respondent.

Order, Supreme Court, New York County (William Franc Perry, J.), entered on or about September 9, 2022, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's amended complaint is time-barred insofar as it is directed toward defendant's alleged statements to New York City Human Resources Adult Protection Services (APS) and the Queens County District Attorney's Office (the DA's Office) in June and July 2019 (see Casa de Meadows Inc. (Cayman Is.) v Zaman, 76 AD3d 917, 920 [1st Dept 2010] ["The statute of limitations for libel and slander . . . starts to run on the date of publication, so 'the fact that the libel may not have been discovered until later matters not'"], quoting Fleischer v Institute for Research in Hypnosis, 57 AD2d 535, 535 [1st Dept 1977]). Plaintiff commenced this action more than one year after these statements were made (see CPLR 215[3]; Smulyan v New York Liquidation Bur., 158 AD3d 456, 457 [1st Dept 2018]). In addition, plaintiff's bare legal conclusion that the purported defamation continued into 2022 is insufficient to save his claims (see Mamoon v Dot Net Inc., 135 AD3d 656, 658 [1st Dept 2016]).
As for his equitable estoppel argument, plaintiff failed to allege that defendant engaged in "subsequent and specific actions" that "somehow kept [him] from timely bringing suit" (Stroud Prods. & Enters., Inc. v BMG Music, 123 AD3d 598 [1st Dept 2014] [internal quotation marks and citation omitted]).
In any event, even if plaintiff's claims were not time-barred, he has failed to state a claim for defamation, as the complaint does not allege the "exact words" complained of or the "time, place and manner of the alleged defamation" (see Offor v Mercy Med. Ctr., 171 AD3d 502, 503 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023