JD2 Realty Mgt. LLC v Evojets LLC (2023 NY Slip Op 05539)

JD2 Realty Mgt. LLC v Evojets LLC

2023 NY Slip Op 05539

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 650751/22 Appeal No. 963 Case No. 2022-03905 

[*1]JD2 Realty Management LLC, Plaintiff-Appellant,
v
Evojets LLC, et al., Defendants-Respondents.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Guy Des Rosiers of counsel), for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains (Riyaz G. Bhimani of counsel), for Evojets LLC, respondent.
Richards Legal Group, New York (Angelica Diana Zolnierowicz of counsel), for My Jet Saver LLC, respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.) entered on or about July 25, 2022, which granted defendants' CPLR 3211 motions to dismiss the complaint, unanimously modified, on the law, to reinstate plaintiff's breach of contract cause of action against defendant Evojets LLC, and otherwise affirmed, without costs.
The court should not have dismissed the breach of contract claim against defendant Evojets. The affidavit from an employee at defendant My Jet Saver and Evojets' counsel's affirmation averring that the delay in plaintiff's return flight was due to a mechanical issue with defendant My Jet Saver's plane were not documentary evidence within the meaning of CPLR 3211(a)(1), and were insufficient to utterly refute plaintiff's allegation that one or both defendants intentionally rebooked plaintiff's flight to serve a higher-paying customer (see e.g. Mamoon v Dot Net Inc., 135 AD3d 656, 657 [1st Dept 2016]). Nor was plaintiff required, pre-discovery, to specify which defendant allegedly rebooked the flight (CPLR 3211[d]; see e.g. Pappas v Pilevsky, 225 AD2d 394, 394 [1st Dept 1996]).
The unjust enrichment claim was properly dismissed because plaintiff's written contract with Evojets governs the subject matter of this dispute (see e.g. Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]).
The court properly dismissed the complaint as against My Jet Saver. As an alleged third-party beneficiary, plaintiff would be bound by the venue selection clause in the contract between My Jet Saver and Evojets, which specified venue for "any claim" "shall" be in Miami-Dade County, which makes venue there mandatory (Spirits of St. Louis Basketball Club, L.P. v Denver Nuggets, Inc., 84 AD3d 454, 455 [1st Dept 2011], lv denied 17 NY3d 710 [2011]; see Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 122 [1st Dept 2020]). Plaintiff has not established that a trial in Florida "would be so gravely difficult and inconvenient that [plaintiff] would, for all practical purposes, be deprived of [its] day in court" (Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222, 222 [1st Dept 2006]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023