| Sacchi v Ribbon Worldwide LLC |
|:---:|
| 2026 NY Slip Op 30822(U) |
| February 25, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 154663/2024 |
| Judge: Verna L. Saunders |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. VERNA L. SAUNDERS, JSC**          PART   36

*Justice*

-------------------------------------------------------------------X

JOSEPH SACCHI,

Plaintiff,

- v -

THE RIBBON WORLDWIDE LLC and
PARAMOUNT PICTURES CORPORATION,

Defendant.

-------------------------------------------------------------------X

INDEX NO.          154663/2024

MOTION SEQ. NO.          001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 23, 24, 25

were read on this motion to/for          **DISMISS**          .

  Plaintiff commenced this action against defendants THE RIBBON WORLDWIDE LLC ("Ribbon") and PARAMOUNT PICTURES CORPORATION ("Paramount") alleging violations of the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL") based on, *inter alia*, weight, and seeking injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees, and interest.

  The allegations set forth in the complaint are as follows. Plaintiff was employed by Ribbon, a restaurant on the Upper East Side in New York, New York, as a server since June 2021. He claims that, on or about January 5, 2024, Paramount planned to buy out the restaurant on January 8, 2024, to host a post-premiere reception for the film *Mean Girls*. During said walkthrough, plaintiff claims that he was singled out as the only server not scheduled to work the *Mean Girls* post-premiere reception.

  A meeting was held with HR representative Yokasta Blanco and Khalil Cherqaoui on January 10, 2024, at which point plaintiff was allegedly informed that Paramount representatives had pointed to plaintiff during the January 5, 2024, walkthrough and told Ribbon's managers (including Cherqaoui) that they did not want plaintiff working the event. However, Paramount provided no reason for this request. Plaintiff alleges that Paramount did not observe plaintiff performing any duties related to his work on January 5, 2024, nor did he engage with any of Paramount's representatives on said date.

  As such, plaintiff alleges, upon information and belief, that Paramount representatives and Ribbon excluded him on the basis of his weight and appearance. Plaintiff alleges himself to be 6 feet 2 inches tall, weighing 360 pounds. A co-worker later informed plaintiff that a Ribbon scheduling manager made the following statement to them at the reception: "If Joe was here, how would he have moved around? It's a full house." Plaintiff allegedly communicated the incident to his managers and was subsequently punished with reduced shifts. He further references an incident in September 2023, when, following a disagreement with a manager, he

**154663/2024  SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL**          **Page 1 of 4**
**Motion No.  001**

[* 1]

was punished with reduced shifts. According to plaintiff, he was subjected to a hostile work environment since lodging his complaints and claims that the Ribbon managers spoke to plaintiff's coworkers "to turn them away" from him and "isolate him".

On May 11, 2024, Ribbon allegedly signaled out plaintiff and reprimanded him for providing an extra drink to his friend's family members when they visited plaintiff while working at the restaurant. According to plaintiff, it was customary for employees to use their discretion to provide drinks to patrons and family members, and Ribbon's conduct was retaliation for speaking out about the discriminatory behavior of Ribbon and Paramount (NYSCEF Doc. No. 1, *summons and complaint*).

In his complaint, plaintiff alleges the following causes of action: discrimination based on weight as against defendants, in violation of the NYCHRL (first cause of action);[1] discrimination based on appearance as against defendants and creating a hostile work environment, in violation of the NYSHRL (second cause of action); retaliation against Ribbon in violation of the NYCHRL after plaintiff raised his concerns with human resources (third cause of action); retaliation against Ribbon in violation of the NYSHRL after plaintiff raised his concerns with human resources (fourth cause of action) (NYSCEF Doc. No. 1, *complaint*).

Paramount now moves the court, pursuant to CPLR 3211(a)(7), seeking dismissal of the complaint against it. This motion is decided together with an accompanying motion to dismiss filed by defendant Ribbon (Mot. Seq. 002).

In this motion, Paramount claims that plaintiff has failed to allege facts sufficient to establish that plaintiff was employed by Paramount or was a covered freelancer to trigger the protections under NYCHRL. To the extent plaintiff alleges that Paramount "aided and abetted" Ribbon's alleged discrimination, Paramount argues that said claim is unsupported because it rests solely on the claim that Paramount representatives allegedly told Ribbon that they did not want plaintiff working at the post-premiere reception on January 8, 2024. Addressing the claim under NYSHRL, Paramount argues that weight-based discrimination is not a protected category under the statute if there are no allegations that the weight constitutes a disability for discrimination qualification purposes. Moreover, there are no facts to suggest that Paramount was responsible for any discriminatory conduct under said statute because it had no control or management over plaintiff or his schedule (NYSCEF Doc. No 5, *memorandum of law*).

Plaintiff contends that NYCHRL and NYSHRL extend liability to Paramount because Paramount was in a contractual relationship with Ribbon, exercising control over plaintiff's work by demanding the exclusion of plaintiff from his regular shift at work. Plaintiff further argues that the "facts alleged specify the direct participation of Paramount in aiding, compelling or coercing the exclusion of Plaintiff from work just by his appearance." Additionally, plaintiff contends that, contrary to Paramount's position, "[p]laintiff need not allege that weight discrimination is one formal protected category." Rather, courts have protected victims of weight discrimination under the NYSHRL based on theories of disability and sexual harassment.

---

[1] Plaintiff claims in this cause of action that Paramount aided and abetted the discrimination (NYSCEF Doc. No. 1 ¶ 56).

**154663/2024   SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL**
**Motion No.  001**

In reply, Paramount argues that plaintiff's opposition fails to demonstrate that a relationship protected under the NYSHRL or the NYSHRL existed between him and Paramount. To the extent plaintiff alleges that Paramount is liable for aiding and abetting the discriminatory conduct, Paramount argues that plaintiff's speculation as to the reason for his exclusion from the event is insufficient to sustain the claim. Paramount reiterates that plaintiff fails to demonstrate that weight is an enumerated protected class under the NYSHRL.

"On a motion to dismiss for failure to state a cause of action, the complaint must be liberally construed, and courts must provide a plaintiff with every favorable inference" (*Carlson v American Intl. Group, Inc.*, 30 NY3d 288, 297 [2017] [citations omitted]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]). However, "conclusory allegations —claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (*Barnes v Hodge*, 118 AD3d 633, 633 [1st Dept 2014] [internal quotation marks and citation omitted]; *see Mamoon v Dot Net Inc.*, 135 AD3d 656, 658 [1st Dept 2016]).

Under the NYSHRL, it is unlawful for "[f]or an employer . . , because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." (Executive Law § 296 [1][a]). Similarly, the NYCHRL makes it unlawful for "an employer or an employee or agent thereof" to discriminate on the basis of " actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, *weight*, or immigration or citizenship status of any person" (Administrative Code of City of NY § 8-107 [1] [a] [emphasis added]).

Moreover, the NYSHRL makes it "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so" (Executive Law § 296[a][6]). The NYCHRL contains identical language prohibiting said conduct (see Administrative Code of City of NY § 8-107 [6]).

"An employee may have more than one employer under the [NYSHRL] and the [NYCHRL] where: (1) the proposed employer has the power of selection and engagement over the employee, (2) the proposed employer made the payment of salary or wages to the employee, (3) the proposed employer had the power of dismissal over the employee, and [(4)] the proposed employer had the power to control the employee's conduct" (*Gerzog v London Fog Corp.*, 907 F. Supp 590, 600 [EDNY 1995]; *see Griffin v Sirva, Inc.*, 29 NY3d 174, 186 [2017]; *State Div. of Human Rights v GTE Corp*, 109 AD2d 1082, 1083 [4th Dept 1985]). However, the Court of Appeals has clarified that "the really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter" (*Griffin v Sirva, Inc.*, 29 NY3d at 186 [internal quotation marks, brackets and citations omitted]).

Here, it is undisputed that Paramount is not plaintiff's direct employer. Moreover, Paramount has established that there are no factual allegations to suggest that it exerted any such control over plaintiff's performance of his work such that it could be considered an employer within the meaning of the NYSHRL and NYCHRL. To the extent plaintiff contends that Paramount had the power of dismissal over him, this claim is speculative at best. Thus, inasmuch as plaintiff has failed to allege facts sufficient to establish that Paramount is his employer within the meaning of the NYCHRL and NYSHRL, the inquiry need not go further, and the discrimination claims premised on violations of the NYSHRL and NYCHRL are dismissed.

The claim premised on aiding and abetting also fails. In his complaint, plaintiff has failed to provide non-conclusory facts to support his claim that Paramount aided and abetted Ribbon in discriminating against him within the meaning of the statute. Paramount is alleged to have made a *request* to Ribbon to exclude plaintiff from the event, but the sole allegation in support of the contention that the exclusion was based on plaintiff's weight is that there could be no other plausible reason why Paramount would exclude him. In his complaint, plaintiff states "[u]pon information and belief, the Paramount representatives and the Ribbon singled out Mr. Sacchi and excluded him based on traits of his weight and by appearance alone"; however, he also concedes that the Paramount representative provided no reason for his exclusion. Since it is well-settled that ""conclusory allegations - - claims consisting of bare legal conclusions with no factual specificity - - are insufficient to survive a motion to dismiss" (*Godfrey v Spano*, 13 NY3d 358, 373 [2009], citing *Caniglia v Chicago Tribune - N.Y. News Syndicate*, 204 AD2d 233, 233-234 [1st Dep't 1994]), the claim is subject to dismissal. Moreover, inasmuch as the underlying claims against Ribbon are dismissed in Mot. Seq. 002, the aiding and abetting claim does not lie (see *Forrest v Jewish Guild for Blind*, 309 AD2d 546, 559 [1st Dept 2019]). All other arguments have been considered and need not be addressed given the foregoing. Accordingly, it is hereby

**ORDERED** that the motion of PARAMOUNT PICTURES CORPORATION, seeking dismissal of the complaint, pursuant to CPLR 3211 (a)(7), is granted; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for PARAMOUNT PICTURES CORPORATION shall serve a copy of this decision and order, with notice of entry, upon all parties.

This constitutes the decision and order of this court.

__February 25, 2026__

_____
HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**154663/2024   SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL**
**Motion No. 001**

Page 4 of 4

[* 4]