**Sacchi v Ribbon Worldwide LLC**

2026 NY Slip Op 30790(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 154663/2024

Judge: Verna L. Saunders

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. VERNA L. SAUNDERS, JSC**                          PART     36
                                                     *Justice*
-----------------------------------------------------------------------X     INDEX NO.           154663/2024

JOSEPH SACCHI,
                                 Plaintiff,                           MOTION SEQ. NO.         002
                        - v -

THE RIBBON WORLDWIDE LLC and
PARAMOUNT PICTURES                                           **DECISION + ORDER ON**
CORPORATION,                                                        **MOTION**
                                 Defendants.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 18, 19, 20, 21, 22, 26

were read on this motion to/for                            _____DISMISS_____.

     Plaintiff commenced this action against defendants THE RIBBON WORLDWIDE LLC ("Ribbon") and PARAMOUNT PICTURES CORPORATION ("Paramount") alleging violations of the New York City Human Rights Law ("NYCHRL") and the New York State Human Rights Law ("NYSHRL") based on, *inter alia*, weight, and seeking injunctive relief, declaratory relief, compensatory damages, punitive damages, attorney's fees, and interest.

     The allegations in the complaint arise from an event hosted by Paramount for a movie premiere on January 8, 2024, where it is claimed, *inter alia*, that Ribbon unlawfully excluded plaintiff from said event due to his weight and then reduced his shifts in retaliation for plaintiff's complaint about the exclusion. The underlying facts of this case are set forth in detail in the decision and order deciding Paramount's motion to dismiss (Mot. Seq. 001); thus, familiarity with the salient facts is presumed and shall not be repeated here.

     In his complaint, plaintiff alleges the following causes of action: discrimination based on weight as against defendants, in violation of the NYCHRL (first cause of action);[1] discrimination based on appearance as against defendants and creating a hostile work environment, in violation of the NYSHRL (second cause of action); retaliation against Ribbon in violation of the NYCHRL after plaintiff raised concerns with human resources (third cause of action); retaliation against Ribbon in violation of the NYSHRL after plaintiff raised concerns with human resources (fourth cause of action) (NYSCEF Doc. No. 1, *complaint*).

     This motion is decided together with an accompanying motion to dismiss filed by Paramount (Mot. Seq. 001).

     Ribbon, plaintiff's employer, now moves this court, pursuant to CPLR 3211(a)(1) and (a)(7), seeking dismissal of the complaint on the ground that plaintiff fails to allege any facts to

---

[1] Plaintiff claims in this cause of action that Paramount aided and abetted the discrimination (NYSCEF Doc. No. 1 ¶ 56).

**154663/2024   SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL                          Page 1 of 5**
**Motion No.  002**

support an inference of discrimination or harassment under the NYCHRL, warranting dismissal of the first cause of action. Moreover, Ribbon contends that plaintiff's second cause of action, premised on a violation of the NYSHRL, does not lie because the NYSHRL has not been amended to recognize weight and appearance as an independent protected category. Moreover, the third and fourth causes of action, based on retaliation, are equally unavailing, argues Ribbon, because although plaintiff claims that Ribbon retaliated against him by reducing his schedule, Ribbon relies on the affidavit of Khalil Cherquaoui ("Cherquaoui"), dated July 2, 2024 (NYSCEF Doc. Nos. 21-22, *Cherquaoui aff and clock time*), to argue that documentary evidence demonstrates that there was no reduction to plaintiff's work hours after the January 8, 2024, event (NYSCEF Doc. No. 19, *Yim aff*).

In opposition, plaintiff argues that Ribbon was aware that Paramount's demand to exclude plaintiff from the January 2024 event was based on his appearance and weight. Plaintiff also references the comment allegedly made by Ribbon's scheduling manager that "If Joe was here, how would he have moved around? It's a full house" to argue that Ribbon understood it was plaintiff's weight to be the reason for his exclusion. Thus, the allegations are sufficient, argues plaintiff, to support an inference of weight-based discrimination.

He further argues that Ribbon violated the NYSHRL because the statute prohibits discrimination based on weight, and he maintains that there is no requirement that weight-based discrimination be alleged as one formal protected category. He posits that courts have protected victims of similar allegations of weight discrimination under NYSHRL based on theories of disability and sexual harassment. He reiterates that weight need not be a diagnosed medical condition to trigger protection under the statute.

Addressing his claim for retaliation, plaintiff argues that the affidavit and records proffered should not be considered in this motion to dismiss, claiming that whether shifts were reduced should be explored at discovery. Additionally, plaintiff argues that his alleged facts show that he was retaliated by reduced shifts, dismissal of his requests to address the discrimination with HR and management, hostile treatment by managers, managers' isolation tactics to turn plaintiff's co-workers away from plaintiff, and reprimanding plaintiff for reasons that were not legitimate (NYSCEF Doc. No. 24, *opposition*).[2]

In reply, Ribbon argues that plaintiff's opposition fails to demonstrate an allegation of discrimination beyond speculation since he admits that nothing expressed by Paramount demonstrates a discriminatory intent. Plaintiff does not allege that he is the only employee in a weight-based protected class. Moreover, the stray comment allegedly made by a Ribbon scheduling manager is insufficient to impute liability on Ribbon. Additionally, Ribbon argues that plaintiff's claims of retaliation are conclusory and rebutted by his own complaint because he fails to rebut the time and pay records proffered; his own pleadings confirm that he, in fact, met with HR and management, who informed him that Paramount had not provided a reason for the request to exclude him from the event; that plaintiff did not have discretion to serve friends and their family; and that the complaint lacks factual details to support a claim of a hostile work environment (NYSCEF Doc. No. 26, *reply affirmation*).

---

[2] Plaintiff's opposition to the instant motion was incorporated in its opposition under Mot. Seq. 001.

**154663/2024 SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL**
**Motion No. 002**

Page 2 of 5

2 of 5

[* 2]

"On a motion to dismiss for failure to state a cause of action, the complaint must be liberally construed, and courts must provide a plaintiff with every favorable inference" (*Carlson v American Intl. Group, Inc.*, 30 NY3d 288, 297 [2017] [citations omitted]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]).  However, "conclusory allegations —claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (*Barnes v Hodge*, 118 AD3d 633, 633 [1st Dept 2014] [internal quotation marks and citation omitted]; *see Mamoon v Dot Net Inc.*, 135 AD3d 656, 658 [1st Dept 2016]).  A motion may also be dismissed, pursuant to CPLR 3211(a)(1), "where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

Under the NYSHRL, it is unlawful for "[f]or an employer . . , because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." (Executive Law § 296 [1][a]).  Similarly, the NYCHRL makes it unlawful for "an employer or an employee or agent thereof" to discriminate on the basis of "actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, *weight*, or immigration or citizenship status of any person" (Administrative Code of City of NY § 8-107 [1] [a] [emphasis added]).

To make out a *prima facie* claim for discrimination under the NYSHRL and NYCHRL, a plaintiff must show that "(1) he/she is a member of a protected class, (2) that he/she was qualified for the position, (3) that he/she was subjected to an adverse employment action (under State HRL) or he/she was treated differently or worse than other employees (under City HRL), and (4) that the adverse or different treatment occurred under circumstances giving rise to an inference of discrimination" (*Matter of Local 621 v New York City Dept. of Transp.*, 178 AD3d 78, 81 [1st Dept 2019] [internal quotation marks and citations omitted]).  "[Circumstances that give rise to an inference of discrimination . . . include actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus and preferential treatment given to employees outside the protected class." (*Mejia v Roosevelt Is. Med. Assoc.*, 31 Misc3d 1206(A), 2011 NY Slip Op 50506[U], *4 [Sup Ct, NY County 2011], *affd* 95 AD3d 570 [1st Dept 2012] [internal quotation and citations omitted]).  Moreover, "[a] showing of disparate treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'—is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." (*Mandell v County of Suffolk*, 316 F.3d 368, 379 [2d Cir. 2003]).

Both the NYSHRL and NYCHRL make it unlawful to retaliate against any individual who has complained about the discriminatory practices (see Executive Law § 296 [1][7]; Administrative Code of the City of New York § 8-107 [7]).  Under the NYSHRL, "a plaintiff bears the burden to establish a prima facie retaliation claim (*see Forrest*, 3 NY3d at 312-313).

**154663/2024  SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL**   Page 3 of 5
Motion No.  002

3 of 5

To meet that burden, the plaintiff must show that (1) they have 'engaged in protected activity,' (2) the defendant 'was aware that' the plaintiff 'participated in' the protected activity, (3) the plaintiff suffered adverse action based upon the activity, and (4) 'there is a causal connection between the protected activity and the adverse action'(id.)" (*Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights*, 41 NY3d 326, 331 [2024]). However, under the NYCHRL, the plaintiff need not show that he or she suffered an adverse action but, rather, that the employer's conduct was "reasonably likely to deter a person from engaging in protected activity" (Administrative Code of the City of New York § 8-102 [7]).

Under the NYSHRL, a claim for hostile work environment is stated where there are allegations that the workplace is permeated with discriminatory intimidation, ridicule and insults so severe or pervasive that it altered the conditions of plaintiff's employment or created an objectively abusive working environment (see *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310-311 [2004]).

Here, as an initial matter, this court finds that the NYSHRL is not triggered by the facts alleged here. As held by the Court of Appeals, "weight, in and of itself, does not constitute a disability for discrimination qualification purposes and . . . discrimination claims in that respect are . . . unsustainable." (*Delta Air Lines v New York State Div. of Human Rights*, 91 NY2d 65, 73 [1997]). Although weight may be linked to a "disability" within the meaning of the statute, which the Executive Law § 292 (21) defines as "a physical, mental or medical impairment resulting from anatomical, physiological or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques", plaintiff has failed to allege that his weight is connected to a "medical impairment" or restricts his "normal bodily function." Quite the contrary as plaintiff alleges that he worked at similar events where restaurants were full of customers and "had no problems moving around". Therefore, inasmuch as plaintiff has failed to allege that his weight was as a result of a medical condition such that he would be "disabled" within the meaning of the NYSHRL (see *Spiegel v Schulmann*, 604 F3d 72, 80-81 [2d Cir. 2010]), the complaint fails to establish that plaintiff is a member of a protected class under the NYSHRL. Therefore, the cause of action based on discrimination under the NYSHRL is dismissed.

Although the NYCHRL expressly includes "weight" as a basis for protection under its statute, this court finds that the pleadings here fail to allege sufficient facts to support his discrimination claim. The sole allegation in support of plaintiff's claim that he was excluded from the subject event is that there is no other reason why he would have been excluded. However, the complaint confirms that Paramount never identified his weight as the reason for his exclusion. Nor does plaintiff allege that he was the only person in the purported protected class to be excluded from the event. Although plaintiff references a comment allegedly made by a Ribbon scheduling manager to confirm that his exclusion was based on his weight, this stray remark makes no reference to the decision to exclude him from the event and is insufficient as a matter of law to give rise to an inference of discrimination against movant (see *Godbolt v Verizon N.Y. Inc.*, 115 AD3d 493, 494 [1st Dept 2014]; *Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 125 [1st Dept 2012]). As follows, the conclusory assertions in the complaint that Ribbon discriminated against plaintiff based on his weight are insufficient to create an inference

154663/2024 SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL        Page 4 of 5
Motion No. 002

4 of 5

[* 4]

of discrimination and amount to no more than speculation (see *Sampson v City of New York*, 2009 US Dist. LEXIS 96526, \*22, 2009 WL 3364218, [SD NY 2009]).

The retaliation claims are also dismissed. Plaintiff fails to rebut the records submitted by Ribbon, kept and maintained by Ribbon in its ordinary course of business, showing the hours he worked after the January 2024 event. He does not argue that the records are otherwise inaccurate or incomplete, nor does he point this court to any specific dates to argue that his hours were improperly reduced. Therefore, that branch of the retaliation claim based on his allegation of reduced hours is dismissed (see CPLR 3211[a][1]). The additional claims premised on a hostile work environment, i.e., that, "upon information and belief", the Ribbon managers spoke to plaintiff's coworkers to turn them away from him and isolate him, are conclusory, vague and lacks factual support. Thus, they are insufficient to state a claim for hostile work environment and retaliation (see CPLR 3211[a][7]; *Whitfield-Ortiz v Department of Educ. of the City of New York*, 116 AD3d 580, 581 [1st Dept 2014]; *Williams v New York City Hous. Auth.*, 61 AD3d 62, 80 [1st Dept 2009], *lv denied* 13 NY3d 702 [2009]). Plaintiff alleges that he was reprimanded for serving drinks to his friend and his friend's family members, subjecting him to a hostile work environment/retaliation. Notably, his own pleadings state that it was "customary that the Ribbon's employees would often use their discretion to generously provide drinks for *friendly patrons and family members*" (emphasis added) (NYSCEF Doc. No. 1 ¶ 47). Here, plaintiff is not alleged to have served "friendly patrons" or "family members" at the time he was reprimanded. In light of the foregoing, this court finds that Ribbon has established entitlement to dismissal of the complaint in its entirety. Accordingly, it is hereby

**ORDERED** that the motion of THE RIBBON WORLDWIDE LLC, seeking dismissal of the complaint pursuant to CPLR 3211(a)(1) and (a)(7) is granted and the action is hereby disposed; and it is further

**ORDERED** that, within twenty (20) days after this decision and order is uploaded to NYSCEF, counsel for defendant THE RIBBON WORLDWIDE LLC shall serve a copy of this decision and order, with notice of entry, upon all parties; and it is further

This constitutes the decision and order of this court.

_____February 25, 2026_____

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

154663/2024 SACCHI, JOSEPH vs. THE RIBBON WORLDWIDE LLC ET AL Page 5 of 5
Motion No. 002

5 of 5