## Adel Wine & Liqs., Inc. v Randy's 925 Corp.

2026 NY Slip Op 31054(U)

March 19, 2026

Supreme Court, New York County

Docket Number: Index No. 659194/2025

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**  
*Justice*

PART 11M

-----------------------------------------------------------------------------X

ADEL WINE & LIQUORS, INC,

Plaintiff,

- v -

RANDY'S 925 CORP., SANTOS L. RODRIGUEZ, GERARD GLASS & ASSOCIATES, P.C.,DUNNINGTON,BARTHOLOW&MILLER LLP

Defendant.

-----------------------------------------------------------------------------X

INDEX NO. 659194/2025

MOTION DATE 12/12/2025

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18, 19, 20, 21, 22, 37, 38, 39, 40, 42

were read on this motion to/for _____DISMISS_____.

The instant action arises out of allegations of, *inter alia*, fraudulent inducement, breach of contract and legal malpractice. Defendant Dunnington, Bartholow & Miller LLP ("Dunnington") now moves to dismiss the complaint pursuant to CPLR § 3211(a)(1), (7) and (10). Plaintiff opposes the instant motion. For the reasons set forth below, the motion to dismiss is granted.

*Factual Allegations[1]*

The complaint alleges that plaintiff, a New York corporation, located at 925 Columbus Avenue, New York, New York, is owned and operated by Adelaida Melendez ("Melendez"), and Melendez was the sole shareholder, director and officer of the corporation. Further, Melendez is the sole shareholder, director and president of M Brothers Inc. the entity which owns the building where plaintiff is located.

---

[1] All allegations contained herein have been taken directly from the complaint.

Since approximately September 2016, Melendez had relied upon her sons Javier Melendez and Alberto Melendez to operate Adel Wines and since about September 2022 has lived at an assisted living facility. Plaintiff alleges that Melendez was approached by two unknown visitors, her son Alberto Melendez was also present, and that defendant Dunnington, through attorney Swetnick, provided documents to Melendez without explaining the contents of the documents and asked Melendez to sign the documents. Melendez did not learn until 2025, that the unknown visitor that provided the documents to her was Swetnick.

The complaint further alleges that the documents were for the sale of the business and transfer of a liquor license rather than a lease.

*Standard of Review*

It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR § 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference. *See Avgush v Town of Yorktown*, 303 AD2d 340 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD2d 348 [2d Dept 2003]. Moreover, the Court must determine whether a cognizable cause of action can be discerned from the complaint rather than properly stated. *Matlin Patterson ATA Holdings LLC v Fed. Express Corp.*, 87 AD3d 836, 839 [1st Dept 2011]. "The complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory.'" *Id*.

Notwithstanding the broad pleading standard, a plaintiff's bald legal conclusions, unsupported by factual specificity, will not withstand a motion to dismiss. S*ee Godfrey v Spano*, 13 NY3d 358, 373[2009]. "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn

from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

*Discussion*

The complaint asserts six causes of action, however only one cause of action is asserted against Dunnington, sounding in legal malpractice. During oral argument, plaintiff's counsel urged the Court to review the complaint with the implication that although not framed as such, the complaint contains sufficient allegations of fraud as against Dunnington if the Court were to deem the legal malpractice cause of action insufficient.

"In order to state a cause of action for legal malpractice, the complaint must set forth three elements: the negligence of the attorney; that the negligence was the proximate cause of the loss sustained; and actual damages" (*Mamoon v Dot Net Inc.*, 135 AD3d 656, 658 [1st Dept 2016] internal citations omitted). Additionally, "absent an attorney-client relationship, a cause of action for legal malpractice cannot be stated" (*Fed. Ins. Co. v N. Am. Specialty Ins. Co.*, 47 AD3d 52, 59 [1st Dept 2007]).

Moreover, "[t]o establish fraud, a plaintiff must show a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Ambac Assur. Corp. v Countrywide Home Loans, Inc.*, 151 AD3d 83 at 85 [1st Dept 2017]. "The element of justifiable reliance is 'essential' to any fraud claim" [internal citations omitted]. *Id.*

Preliminarily, the Court ordinarily thoroughly reviews all complaints, as required in a motion to dismiss, to ascertain whether the facts asserted present viable causes of action, not whether the claims have been artfully pled. Here, a thorough review of the complaint, and the

allegations asserted against all defendants, not just the moving defendant, fails to articulate any facts to support a fraud cause of action. The complaint repeatedly alleges that the unknown visitors, later identified as Glass and Swetnick, did not speak to Melendez, nor made any statements regarding the content of the documents, therefore there were no fraudulent statements made to induce Melendez into signing the documents. The complaint offers no factual basis as to why Melendez believed that the documents were for a lease rather than a sale.

Further, the allegation of legal malpractice is also insufficient as it is undisputed that defendant was not counsel for plaintiff, therefore no attorney client relationship exists to support a legal malpractice claim. Because the Court finds that the complaint fails to state a cause of action as against Dunnington the Court will not reach the movants arguments with respect to documentary evidence and lack of a necessary party. Accordingly, it is hereby

ORDERED that the complaint is dismissed in its entirety as against defendant Dunnington, Bartholow & Miller LLP; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

**659194/2025 Motion No. 002**                                    **Page 4 of 5**

[* 4]

20260319112608LFRANK3A9EA78821104A9DABC0705BFF63A78A

__3/19/2026__
__DATE__

__LYLE E. FRANK, J.S.C.__

**CHECK ONE:**

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION |
| **X** | GRANTED | DENIED | | GRANTED IN PART | OTHER |

**APPLICATION:** SETTLE ORDER · SUBMIT ORDER

**CHECK IF APPROPRIATE:** INCLUDES TRANSFER/REASSIGN · FIDUCIARY APPOINTMENT · REFERENCE

[* 5]